**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 30 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GREGORY WASHINGTON,

      Plaintiff-Appellant,

v.

OKLAHOMA STATE UNIVERSITY
BOARD OF REGENTS, a public
institution of higher education;
JOHN R. CAMPBELL; RAY M.
BOWEN, PROVOST AND VICE
PRESIDENT OF ACADEMIC
AFFAIRS; OKLAHOMA STATE
UNIVERSITY BOARD OF
REGENTS; ISABEL K. BAKER,
Chairperson; BRUCE BENBROOK,
Vice Chairperson; GARY CLARK,
Member; CLAUD EVANS, Member;
EDWARD KELLER, Member; GARY
SHERRER, Member; L E DEAN
STRINGER, Member; JIMMY
THOMAS, Member; DOUGLAS
TIPPENS, Member; DOUGLAS
WILSON, Executive Secretary;
JANE DOE, individually and in their
official capacities; EARL MITCHELL,
Interim Associate Vice President of
Academic Affairs; REBECCA
JOHNSON, Dean of Undergraduate
Studies; M. SCOTT FERN, Assistant
Legal Counsel,

      Defendants-Appellees.

No. 96-6271
(D.C. No. CIV-95-818-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and LUCERO, Circuit Judges.

Plaintiff-appellant Gregory Washington, a former Associate Vice President and Associate Professor at Oklahoma State University, appeals the district court's grant of summary judgment in favor of all defendants on his claims for employment discrimination and violation of his civil rights. Because plaintiff has not shown a genuine issue of material fact regarding the validity of his release of all claims arising from his employment with the university, we affirm.[**]

Upon independent review of the record, we find the facts to be substantially as set forth in the district court's memorandum opinion, dated July 12, 1996. We review a grant of summary judgment de novo, applying the same standards as

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

those used by the district court.  See Universal Money Ctrs., Inc. v. American Tel. & Tel. Co., 22 F.3d 1527, 1529 (10th Cir. 1994).  Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  We examine the record and reasonable inferences therefrom in the light most favorable to the nonmoving party.  See Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

Plaintiff argues first that his release of all claims was invalid because it was procured by fraud.  He argues that the university president and provost lied when they told him there was evidence that he committed sexual harassment and that his conduct would be publicized.  To show fraud, plaintiff must prove

> (1) a false (2) material misrepresentation (3) made with knowledge that it is false, or made as a positive assertion without knowledge of whether it is true or false and (4) made with the intent to induce action in another (5) which does in fact induce such action, and (6) proximately causes injury or damage to another.

Eckert v. Flair Agency, Inc., 909 P.2d 1201, 1204 (Okla. Ct. App. 1995).  We conclude plaintiff has failed to raise a genuine issue whether the university president and provost knowingly made false statements, or made false statements without regard to their veracity.  The tape-recorded conversation between plaintiff and the graduate student supports a conclusion that plaintiff sexually harassed her, and that such conduct was actionable.  See, e.g., Franklin v. Gwinnett County

Pub. Sch., 503 U.S. 60, 75 (1992); Seamons v. Snow, 84 F.3d 1226, 1232 (10th Cir. 1996). Defendants' belief that the harassment was not quid pro quo, or even that it might not be actionable, did not negate their basic belief that plaintiff, a married man in a position of authority over the student, sexually harassed her by pressuring her to enter into a social relationship with him.

Plaintiff also has not shown that statements regarding the publicity he would face were false. There is no evidence, other than an inadmissible hearsay statement, that defendants threatened to create publicity purposefully if plaintiff did not resign. There is evidence defendants stated that plaintiff would be terminated from his administrative position if he did not resign and that the termination would probably generate rumors regarding his conduct, especially if the graduate student brought a lawsuit. These statements were not false, however. Further, plaintiff had almost a week to confer with his attorney and learn whether the reason for his termination could be publicized. See Silver v. Slusher, 770 P.2d 878, 882 n.8 (Okla. 1988) ("An action for fraud may not be predicated on false statements when the allegedly defrauded party could have ascertained the truth with reasonable diligence.").

Plaintiff argues also that the release was procured through economic duress, based on the threat to reduce his salary to that of a professor. However, "[t]he presence of an unlawful or wrongful act is a prerequisite to the finding of

economic duress." First Nat'l Bank & Trust Co. v. Kissee, 859 P.2d 502, 508 (Okla. 1993).  In light of his misrepresentations to the investigative committee and his conduct with the graduate student, plaintiff has not shown that the decision to terminate his administrative position was unlawful or wrongful.

Because plaintiff has not shown that the release was invalid, we need not decide whether he demonstrated a factual dispute as to racial discrimination.  Even if the claim were not barred, however, the record supports the district court's conclusion that plaintiff failed to show that he was treated differently than "similarly situated" nonminority employees.  See, e.g., Aramburu v. Boeing Co., No. 96-3032, 1997 WL 221401, at *4 (10th Cir. May 5, 1997) (discussing disparate treatment requirement that employee be "similarly situated").

The judgment is AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge